**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FREDY DAVID DE LEON SANTIZO,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. CV 26-8327 FMO (PVC)

**ORDER ACCEPTING IN PART AND DENYING IN PART THE FINDINGS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 15, "Petition"), all of the records herein, and the Report and Recommendation of the United States Magistrate Judge (Dkt. 28, "R&R"). The time for filing objections to the R&R has passed, (see Dkt. 28, R&R at 4), and no objections have been filed. (See, generally, Dkt.).

On August 2, 2026, Fredy David De Leon Santizo ("petitioner") filed a First Amended Complaint and Petition against James Janecka, Warden of the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center; David Venturella, Acting Director of ICE; Marcos Charles, Acting Director of Enforcement and Removal Operations ("ERO"); Markwayne Mullin, Secretary of the U.S. Department of Homeland Security ("DHS"); and Joseph Edlow, Director of the United States Citizenship and Immigration Services ("USCIS") (collectively, "respondents"). (See Dkt. 15, Petition at ¶¶ 20-24). Petitioner is a native and citizen of Guatemala. (See id. at ¶ 19). He

has been married to a lawful permanent resident since 1992, and together they have three United States citizen children. (See id. at ¶¶ 26-27). Petitioner operates a metal recycling business, which provides financial support for his family. (See id. at ¶ 5). Petitioner has continuously resided in the United States since 1996. (See id.). He is currently suffering a medical condition that requires the use of a urinary catheter. (See id. at ¶¶ 9-10).

In 2023, while his removal proceedings were ongoing, plaintiff applied for an Application for Adjustment of Status (Form I-485) and an Application for Permission to Reapply for Admission (Form I-212) with USCIS. (See Dkt. 15, Petition at ¶ 6). On July 31, 2026, petitioner was detained at his adjustment of status interview with USCIS, and is currently in custody at the Adelanto ICE Processing Center. (See id. at ¶¶ 2, 8, 28-29). Petitioner asserts claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, & 706, and the Fifth Amendment's due process clause. (See id. at ¶¶ 30-44). Petitioner seeks immediate release, or in the alternative, a bond hearing. (See id. at Prayer for Relief).

On August 11, 2026, respondents filed their Answer to the Petition, conceding that "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to" Rodriguez Vasquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (finding that persons present without admission who are apprehended in the interior of the United States are subject to release on bond under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A)). (See Dkt. 26, Answer at 2). While respondents acknowledge petitioner's entitlement to a bond hearing under Rodriguez Vasquez, they oppose his request for immediate release, contending that "to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under § 1226(a)." (See id.).

As the R&R correctly observes, there is no dispute that petitioner is entitled to, at minimum, a bond hearing. (See Dkt. 28, R&R at 3). Accordingly, the Magistrate Judge recommends ordering respondents "to immediately release Petitioner unless Respondents have provided Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a)." (Id.). However, the

court disagrees with the Magistrate Judge and finds that the appropriate relief is petitioner's immediate release.[1]

Respondents' Answer fails to address or provide any response to petitioner's APA or due process claims. (See, generally, Dkt. 26, Answer ). Accordingly, the court construes respondents' failure to address petitioner's claims as a concession. See, e.g., Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); see also Silva v. Noem, 2025 WL 3764074, *2 (C.D. Cal. 2025) (finding that arresting or detaining petitioner under 8 U.S.C. § 1226(a) at his I-485 adjustment of status interview would violate the APA). In addition, the Magistrate Judge's recommendation of a bond hearing constitutes post-deprivation relief, "which has no bearing on whether Respondents provided the requisite pre-deprivation relief." Baran v. Bowen, 2026 WL 1048225, *3 (C.D. Cal. 2026); see, e.g., Chicoze-Ezechi v. Noem, 2026 WL 265733, *2 (W.D. Wash. 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty."); see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493 (1985) ("[T]he root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing before he is deprived of any significant [protected] interest.") (internal quotation marks omitted). In other words, "Petitioner's receipt of a post-deprivation bond hearing does not displace his entitlement to pre-deprivation procedural protections[,]" Baran, 2026 WL 1048225, at *3, and therefore immediate release is warranted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

[1] Because the court finds that petitioner's immediate release is appropriate, it need not wait for the parties' notice of compliance and/or joint status report.

1. The Magistrate Judge's findings, conclusions, and recommendations are accepted and rejected as set forth in this Order.

2. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 15)** is **granted** as set forth in this Order.

3. Any pending motion and/or application is **denied as moot**.

4. Respondents shall release petitioner Fredy David De Leon Santizo forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation. Respondents shall not impose any release restrictions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

5. Respondents shall file with the court a Notice of Compliance within three (3) calendar days following the filing date of this Order.

6. Respondents shall not re-detain petitioner absent at least seven (7) days individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, and a pre-deprivation bond hearing before a neutral decisionmaker at which the government bears the burden of proving petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

7. Judgment shall be entered accordingly.

Dated this 31st day of August, 2026.

/s/
Fernando M. Olguin
United States District Judge