**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FREDY DAVID DE LEON SANTIZO,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. CV 26-8327 FMO (PVC)

**ORDER RE: CASE STATUS**

On September 2, 2026, petitioner filed a Notice of Post-Petition Developments Relevant to Compliance with the Court's August 31, 2026 Order (Dkt. 34, "Petitioner's Notice"), noting that petitioner received a bond hearing on August 25, 2026, at which the immigration judge set bond at $25,000. (See id. at ¶¶ 3-4). Petitioner was subsequently released from immigration detention on August 28, 2026. (See id. at ¶ 4). As a condition of his release, petitioner was placed on electronic ankle monitoring. (See id. at ¶ 5).

Unaware that petitioner had been released on bond, on August 31, 2026, the court issued an order granting the Petition and directing that "[r]espondents shall release petitioner . . . forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation. Respondents shall not impose any release restrictions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing." (Dkt. 32, Court's Order of August 31, 2026, at 4).

Petitioner contends that his release on bond and placement on electronic ankle monitoring are noncompliant with the Court's Order of August 31, 2026, and therefore requests that both conditions be removed. (See Dkt. 34, Petitioner's Notice at ¶¶ 6-8). In their Notice of Compliance (Dkt. 35), respondents assert that "at the time the [Court's Order of August 31, 2026,] was entered, Petitioner was no longer in immigration detention." (See id. at 2).

Under the circumstances, petitioner's counsel should consider whether it is appropriate to file an ex parte application seeking removal of the release restrictions. See, e.g., Wilson Domingo Guzman Perez v. Warden, et al., Case No. ED CV 25-3140 (Dkt. 21, Court's Order of December 23, 2025, at 2-3) (ordering that any release restrictions not previously imposed be removed).

Dated this 27th day of September, 2026.

/s/
Fernando M. Olguin
United States District Judge